FILED

2007 Nov-06  AM 09:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JOHN FRAZIER and )
PATRICIA FRAZIER, )
 )
          Plaintiffs, )
vs. )          Case No.  2:07-cv-271-TMP
 )
CITIFINANCIAL CORPORATION, LLC, )
 )
          Defendant. )

MEMORANDUM OPINION

This cause is before the court on the defendant's motion to compel arbitration and to stay all proceedings pending the outcome of the arbitration proceedings.  The magistrate judge to whom this case was assigned filed a report and recommendation concerning the motion on June 15, 2007, followed by a modification of the report and recommendation filed on July 31, 2007.  The express purpose of the modification was to correct typographical and grammatical errors, but otherwise it was identical to the original report and recommendation.  Plaintiffs filed objections to the report and recommendation on June 18, 2007, which the court treats as effective with respect to the identical modification of the report and recommendation.

Having now carefully reviewed and considered *de novo* all of the materials in the court file, including the report and recommendation and the objections to it, the court finds that the report is due to be and hereby is ADOPTED and the recommendation is ACCEPTED.  The court agrees with the magistrate judge that plaintiffs' claims with respect to the note and mortgage on their home must be arbitrated pursuant to the arbitration agreement executed by Mr. Frazier.

At the outset, it is clear, as the magistrate judge pointed out, that Mr. Frazier signed the arbitration agreement along with the other transactional documents used to secure the loan proceeds by a mortgage on plaintiffs' home.  Even the plaintiffs acknowledge by the allegations of their complaints, as amended, that Mr. Frazier signed the note, mortgage, and arbitration agreement, while receiving approximately $33,000 in loan proceeds.[1]  They emphasize that Mrs. Frazier signed none of the documents, and that Mr. Frazier was misinformed about the nature of the documents and that he did not have the capacity to execute the agreements due to stress and medication.  There can be little question that Mr. Frazier must arbitrate *his* claims against defendant.

The issue is whether Mrs. Frazier, who signed none of the documents, must arbitrate *her* claims.  The magistrate judge concluded that her claims are intertwined with those of her husband such that her claims also must be arbitrated.  Recently, in the case of Becker v. Davis, 491 F.3d 1292, 1300 (11th Cir. 2007), the court of appeals re-affirmed that the absence of an agreement to arbitrate between parties is not necessarily an impediment to arbitration.  A party may be equitably estopped from denying a duty to arbitrate if that party seeks to enforce the terms of an agreement that contains an arbitration agreement.  See also  Blinco v. Green Tree Servicing, LLC, 400 F.3d 1308 (11th Cir. 2005).  Although not all claims asserted by a non-signatory necessarily implicate the arbitration agreement, those claims that are "intimately founded in and intertwined with the underlying contract obligations" implicate the arbitration agreement comprising part of the contract.

---

[1] In a recent affidavit, Mr. Frazier quibbles that he does not remember signing the arbitration agreement and that the signature does not look like his.  Nonetheless, he does not affirmatively swear under oath that he did *not* sign the arbitration agreement or that the signature on it is *not* his.  Indeed, his affidavits *do* affirmatively acknowledge that he signed his wife's name to the loan documents without her permission.  It strains credulity to believe he would do this but not sign the arbitration agreement at the same time.

Becker v. Davis, 491 F.3d 1292, 1300 (11th Cir. 2007), quoting McBro Planning & Development v. Triangle Electrical Construction Co., 741 F.2d 342, 344 (11th Cir. 1984).

In the instant case, it is true that Mrs. Frazier's claims do not seek to "enforce" the terms of the note and mortgage executed by her husband.  Indeed, she alleges that the note and mortgage are void or voidable as to Mr. Frazier.  Nevertheless, Mr. Frazier received $33,000 in loan proceeds evidenced and secured by the note and mortgage and, as his spouse, Mrs. Frazier benefitted from the proceeds.  It is plainly inequitable to allow plaintiffs, both Mr. and Mrs. Frazier, to obtain a loan and retain the loan proceeds while denying the terms of the financing agreements, including the arbitration agreement that was part of the loan transaction.  Mrs. Frazier's claims arise directly out of the loan transaction (even though she attempts to void it), including the receipt of $33,000, and she is equitably estopped to deny one of the terms of the transaction, the arbitration agreement.  Accordingly, defendant's motion to compel plaintiffs to arbitrate their claims is due to be granted.

Finally, although the defendant's motion asked only for a stay of proceedings here pending the outcome of the arbitration, the magistrate judge recommended dismissal of the plaintiffs' complaint with prejudice.  The court agrees with the magistrate judge's recommendation.  Once the court determines that plaintiffs may not pursue their claims in this forum, but must do so in an arbitral forum, there is no remaining claim pending for which proceedings should be stayed.  Under § 3 of the Federal Arbitration Act, a court may dismiss, rather than stay, proceedings where all of the plaintiffs' claims are subject to arbitration.  See Dale v Comcast Corp., 453 F.Supp. 2d 1367 (N.D.Ga., 2006).  Hence, dismissal with prejudice is the proper course.

3

By separate order, the court will grant the defendant's motion to compel the plaintiffs to arbitrate their claims and dismiss this action with prejudice.

DONE this 6th day of November 2007.


_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE